UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

OTIS MCDOWELL,                    )
                                 )
                Plaintiff,       )
                                 )
v.                               )          Case No.  1:14 CV 185 ACL
                                 )
HEATHER CREG,[1]                 )
                                 )
                Defendant.       )

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at the Southeast Correctional Center ("SECC"), brought this action

*pro se* under 42 U.S.C. § 1983 against Heather Creg, a Correctional Officer at SECC, in her

individual capacity, alleging violations of his constitutional rights.  This matter is before the

Court on Defendant's Motion for Summary Judgment.  (Doc. 31.)  For the following reasons, the

Court will grant Defendant's Motion for Summary Judgment.

**I.      Background**

In his Complaint, McDowell alleges that Defendant Creg violated his Eighth Amendment

rights by failing to protect him from an attack by another inmate.  McDowell contends that, on

April 2, 2014, Creg was the "Bubble Officer" in Housing Unit 5, and controlled all the doors and

cell doors.  (Doc. 1 at p. 8-9.)  McDowell alleges that Creg allowed another offender out of his

cell when he should not have been out of his cell.  *Id.* at 9.  He claims that the offender then

came into McDowell's cell and cut him across the chest with a razor, and hit him in the eye with

---

[1]  It appears from Defendant's Motion for Summary Judgment that Plaintiff misspelled
Defendant Creg's last name in the Complaint.  Plaintiff named "Heather Kregg" as defendant in
this matter.  The Court will use the correct spelling of Defendant Creg's name in this
Memorandum and Order.

a wooden brush.  *Id.*  McDowell alleges that he sustained injuries to his right eye and his chest, and has received mental health counseling in response to the incident.  *Id.* at 10-11.  He seeks monetary relief against Creg.  *Id.* at 12.

In her Motion for Summary Judgment, Defendant argues that she is entitled to judgment as a matter of law because McDowell failed to properly exhaust his administrative remedies. Defendant further argues that McDowell has not established that she violated his Eighth Amendment rights, and that Defendant is entitled to qualified immunity.

McDowell did not respond to Defendant's Motion for Summary Judgment, and the time for doing so has expired.[2]

## II.  **Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S.  317, 322 (1986).  The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  A genuine issue of material fact is not the "mere existence of some alleged factual dispute between the parties."  *State Auto. Ins. Co. v. Lawrence,* 358 F.3d 982, 985 (8th Cir. 2004).  "Instead, the dispute must be outcome determinative under prevailing law." *Mosley v. City of Northwoods,* 415 F.3d 908, 910–11 (8th Cir. 2005) (internal quotations

---

[2]  The Court advised McDowell in the Order denying his motion to appoint counsel that his Response to Defendant's Summary Judgment was due on May 6, 2016, and that his *pro se* status did not excuse him from complying with rules of procedure.  (Doc. 33 at 2.)

omitted).  A fact is material when it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

McDowell did not respond to Defendant's Statement of Material Facts (Doc. 32-1), as required under Federal Rule of Civil Procedure ("FRCP") 56 and Local Rule 4.01(E). McDowell's status as a *pro se* prisoner does not excuse him from responding to Defendant's Motion "with specific factual support for his claims to avoid summary judgment," or from complying with local rules.  *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).  With his failure to respond, McDowell is deemed to have admitted all of the facts in Defendant's statement of uncontroverted facts.  *Turner v. Shinseki*, No. 4:08-CV-1910 CAS, 2010 WL 2555114, at *2 (E.D. Mo. Jun. 22, 2010) (citing *Deichmann v. Boeing Co.*, 36 F. Supp.2d 1166, 1168 (E.D. Mo. 1999), *aff'd* 232 F.3d 907 (8th Cir. 2000), *cert. denied*, 531 U.S. 877).

Summary judgment is not granted for Defendant as a result of McDowell's failure to properly respond to Defendant's statement of material facts.  Instead, the Court deems the facts set forth by Defendants as true.  *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 579 (8th Cir. 2006).  Defendant must still establish that she is entitled to judgment as a matter of law.  *See id.*

### III.    Facts[3]

On April 2, 2014, McDowell, whose cell door was not locked, got into a physical altercation with another inmate at SECC, whose cell door was also unlocked.  McDowell was not able to see the bubble from his cell to determine who, if anyone, opened either of the cell doors. McDowell did not speak to Defendant Creg on the date of the incident prior to its occurrence. McDowell did not have any knowledge of a dispute with the inmate that attacked him, and did

---

[3]  The Court's recitation of the facts is taken from Defendant's Statement of Material Facts. (Doc. 32-1.)

not inform Defendant of any threats from the inmate that attacked him.  Defendant did not learn of the altercation until the following day, April 3, 2014.

The Missouri Department of Corrections ("MDOC") has an administrative grievance procedure for inmates to internally grieve complaints against the department and its staff.  If an inmate has what he believes to be a grievable issue, he must file an Informal Resolution Request ("IRR") within fifteen calendar days from the date of the alleged incident.

On May 29, 2014, McDowell submitted "SECC 14-964," an IRR, in which he alleged that Defendant failed to protect him from the incident that occurred on April 2, 2014.  The IRR filed by McDowell was more than fifteen calendar days after the date of the incident for which he was grieving and was, therefore, denied.

## IV.    Discussion

As previously noted, Defendant first argues that she is entitled to judgment as a matter of law because McDowell failed to properly exhaust his administrative remedies.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a § 1983 action unless he has exhausted all available administrative remedies.  42 U.S.C. § 1997e(a). Exhaustion under the PLRA is defined by the prison's grievance procedures.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  Exhaustion under the PLRA means proper exhaustion, which is in compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  In order for a Missouri prisoner to satisfy this exhaustion requirement, he necessarily must avail himself of the administrative grievance process established by the MDOC:

> To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is

> dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted.

*Wewerka v. Roper*, No. 4:09-CV-1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010).

*See also Dykes v. Murphy*, No. 4:09-CV-1062 HEA, 2010 WL 2287496, at *4 (E.D. Mo. Jun. 3, 2010); *Hahn v. Armstrong*, No. 1:08-CV-0169 LMB, 2010 WL 575748, at *3 (E.D. Mo. Feb. 11, 2010).

Inmates have been excused from exhausting remedies "when officials have prevented prisoners from utilizing the procedure, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005). In addition, "a grievance that could have been denied for failure to comply with a procedural requirement is nonetheless exhausted for PLRA purposes if the institutional decision-maker instead denied it on the merits." *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (*per curiam*).

In this case, it is undisputed that the incident at issue occurred on April 2, 2014. To be considered timely, McDowell was required to file his IRR by April 17, 2014. McDowell filed an IRR regarding the incident on May 29, 2014, fifty-seven days after the incident. (Doc. 32-5 at 2.) McDowell's IRR was denied by the MDOC on June 27, 2014, as untimely. *Id.* at 9. The MDOC stated that "offenders have 15 days from the alleged incident to file an IRR on a grievable issue," and that McDowell had failed to meet these guidelines. *Id.* McDowell failed to timely file his IRR regarding the incident at issue in this action. He does not allege that his failure to timely file his IRR was caused by prison officials, nor does he allege any other grounds that could excuse his failure to properly exhaust his administrative remedies.

Thus, Defendant has established that she is entitled to dismissal of McDowell's claims in accordance with the PLRA's exhaustion requirement.  Because this issue is dispositive, the Court will not consider Defendant's additional arguments in support of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 31) is **granted**.  A separate Judgment in favor of Defendant will accompany this Memorandum and Order.


s/Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2016.